United States Bankruptcy Court
Central District of California

In re:                                                                    Case No. 18-22377-NB
Stephen W. Beal                                                           Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0973-2        User: admin            Page 1 of 1             Date Rcvd: Jan 29, 2019
                            Form ID: pdf042        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 31, 2019.
db             +Stephen W. Beal,    7103 E. El Paseo Street,    Long Beach, CA 90815-3508

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 31, 2019                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 29, 2019 at the address(es) listed below:
              Austin P Nagel    on behalf of Creditor    Toyota Motor Credit Corporation melissa@apnagellaw.com
              Kathy A Dockery (TR)    EFiling@LATrustee.com
              Steven B Lever    on behalf of Debtor Stephen W. Beal sblever@leverlaw.com,
               assistant@leverlaw.com;r58483@notify.bestcase.com
              United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
                                                                                             TOTAL: 4

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Austin P. Nagel, Esq. #118247<br>LAW OFFICES OF AUSTIN P. NAGEL<br>111 Deerwood Rd., Suite 305<br>San Ramon, CA 94583<br>(925) 855-8080 (phone)<br>(925) 855-8090 (fax)<br>melissa@apnagellaw.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**JAN 29 2019**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY sumlin    DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>STEPHEN W. BEAL<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-22377-NB<br>CHAPTER: 13 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (PERSONAL PROPERTY)** |
| | DATE: 01/29/2019<br>TIME: 10:00 AM<br>COURTROOM: 1545<br>PLACE: 255 East Temple Street<br>         Los Angeles, CA |

**Movant:  TOYOTA MOTOR CREDIT CORPORATION**

1. The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following personal property (Property):

    ☒ Vehicle (*year, manufacturer, type and model*): 2017 TOYOTA PRIUS

    *Vehicle identification number*: JTDKARFP3H3060184
    *Location of vehicle* (*if known*): In possession of Debtor

    ☐ Equipment (*manufacturer, type, and characteristics*):

    *Serial number(s)*:
    *Location* (*if known*):

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                             Page 1                                           F 4001-1.RFS.PP.ORDER

☐ Other personal property (*type, identifying information, and location*):

☐ See Exhibit _____ attached to the Motion.

3. The Motion is granted under:

   a. ☒ 11 U.S.C. § 362 (d)(1)

   b. ☐ 11 U.S.C. § 362 (d)(2)

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set for the in Exhibit _____ to this order.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to repossess or otherwise obtain possession and dispose of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not repossess the Property before (*date*) _____.

7. ☐ The stay remains in effect subject to the terms and conditions set forth in the Adequate Protection Agreement to this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☒ <u>The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated or modified as to the co-debtor, as to the same terms and conditions.</u>

10. ☒ The 14-day stay provided by FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. ☐ This order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

13. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 2                                    **F 4001-1.RFS.PP.ORDER**

15. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    a. ☐ without further notice.
    b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☐ Other (*specify*):

###

Date: January 29, 2019

Neil W. Bason
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014* | Page 3 | **F 4001-1.RFS.PP.ORDER**